**ACKERMAN v. HOOK et al.**

Civ. A. No. 9332.

United States District Court
E. D. Pennsylvania.

Jan. 10, 1952.

Matthew Sidney Biron, Philadelphia, Pa., Harry Price, New York City, for plaintiff.

Shoemaker & Eynon, Pittsburgh, Pa., MacCoy, Evans & Lewis, Philadelphia, Pa., for defendants.

KIRKPATRICK, Chief Judge.

In 1949 Ackerman and Hook, who were joint owners of a patent, were involved in a business quarrel which covered a great many matters, one of which was the right to royalties payable by a corporation (Hook & Ackerman, Inc.) which had been licensed under the patent. As to that particular phase of the dispute Ackerman claimed that, by reason of various breaches of contract by Hook, he, Ackerman, was entitled to receive not only his half of the royalties but also Hook's half.

On January 28, 1949, Ackerman began a suit in this court against both Hook and the corporation asking, among other things, that the Court order the corporation to pay to him Hook's share of the royalties. There were several other defendants, against whom a variety of causes of action were asserted.

Shortly after the action was instituted, the corporation paid to the Clerk of the District Court certain monies, stating by letter that they were royalties "due" from it to Hook in connection with the pending suit. Since that time, at the end of each quarter, the corporation had paid Hook's

5. Mulheirn v. Brown, 1936, 322 Pa. 171, 175, 185 A. 304; Wagner v. Philadelphia Rapid Transit Co., 1916, 252 Pa. 354, 359, 97 A. 471.

share of the royalties to the Clerk of the District Court.

The first payments were made without leave of Court and without notice to other parties to the suit, as required by Rule 67. On August 15, 1949, the Court made an order authorizing the Clerk to pay the amounts of the first two checks and such other checks as the Clerk might receive into the registry, subject to the further order of the Court.

In October, 1949, on a motion by Hook to dismiss Ackerman's suit, this Court, holding that it was without jurisdiction, dismissed the action as to all defendants and issues with the exception of a count for patent infringement against one defendant (Graffius) whose sole connection with the controversy was that, as a sales agent, he had sold some boilers alleged to infringe the patent. This decision was affirmed by the Court of Appeals, 3 Cir., 183 F.2d 11.

Hook has now presented a petition asking for an order directing the Clerk to pay him the royalties deposited by the corporation. Ackerman and the corporation have countered by asking that the royalties be returned to the corporation. They further ask that Hook be declared a party to the action on the ground that this petition to have the royalties paid to him constituted a waiver of venue. Their answer then goes on to raise all the issues of the dismissed suit.

It having been determined that this Court had no jurisdiction of any of the litigation between Hook and Ackerman, the situation now presented must be dealt with as though, confronted with a dispute between two persons involving conflicting claims to royalties payable by it, the corporation, without any interpleader or other proceeding, had sent the money to the Clerk of the court who received it and deposited it in the registry. There would be no way for the Court to determine now who is entitled to the money except to resurrect an action of which it has no jurisdiction and to proceed to try all the issues in that case, just as though it had never been dismissed. Whether Hook's petition would have been a waiver of his right to contest venue jurisdiction, had he filed it while the action was pending, is beside the point. It is certainly ineffective for that purpose now because there is no action into which it could bring him. Obviously, the deposit of the money by the corporation and his request that it be paid to him has no relation whatever to a suit in which the only defendant is Graffius and in which the only issue is whether some boilers infringe the patent—which is all that is left of the original litigation.

The result is that the Clerk holds money deposited with him by one party, which is now claimed by itself and by two other persons. The Court has already found itself without jurisdiction to adjudicate the merits of the respective claims and there is no proceeding pending in this court under which it can do so. Any order made by the Court in such a situation would be totally ineffective to determine anyone's rights in the money. The only proper solution is to return to the depositor the money deposited by it and so restore the status quo ante. The statement in the Corporation's letter that the money represented royalties due Hook is insufficient, in view of the controversy, to justify the Clerk in paying it to Hook. No one's rights will be affected by his returning it to the Corporation, thus leaving all parties to their respective remedies. As a matter of fact, it is not disputed that substantially the whole controversy is being litigated in two suits now pending in Pittsburgh, one in the Court of Common Pleas and one in the United States District Court.

The prayer of the petition of C. Howard Hook for an order directing the Clerk to pay out money on deposit, is denied.

The motion of Harold S. Ackerman to add C. Howard Hook as an additional party to the suit, is denied.

All the prayers contained in the answer and new matter of Harold S. Ackerman are denied, except that:

The Court, without adjudicating the rights of any of the parties in the subject matter of the motion, petition and answer, directs that the Clerk return the money deposited by Hook & Ackerman, Inc., to the said Hook & Ackerman, Inc.